**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**In Re:**

**NICOLE ANNE BRIGGS,** **Case No.: 25-03231-JAW**

**Debtor.** **Chapter: 7**

---

**NICOLE ANNE BRIGGS** **PLAINTIFF**

**v.** **Adv. Proc. No.: 26-00003-JAW**

**U.S. DEPARTMENT OF EDUCATION** **DEFENDANT**

---

**STIPULATION OF PARTIAL DISCHARGE BETWEEN PLAINTIFF-DEBTOR AND DEFENDANT U.S. DEPT. OF EDUCATION**

---

Plaintiff-Debtor Nicole Ann Briggs and Defendant United States of America, on behalf of the Department of Education, ("Defendant" or "Dept. of Education") (collectively, "the Parties") stipulate as to dischargeability of a portion of Plaintiff's student loan debt as follows:

1. On January 21, 2026, Plaintiff-Debtor commenced this adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) against the Dept. of Education byfiling the Complaint seeking to discharge pursuant to 11 U.S.C. § 523(a)(8), Plaintiff- Debtor's educational loan debt.

2. On February 11, 2026, the Court, at the joint request of the parties, stayed the adversary proceeding so that Plaintiff-Debtor may participate in the process set forth in the Guidance set forth by the Dept. of Education and the Dept. of Justice, dated February 19, 2026 (the "Guidance").

3. Plaintiff-Debtor has participated in the process set forth in the Guidance, and the Dept. of Education has reviewed and analyzed the documents and attestation submitted by Plaintiff-Debtor.

4. The parties now desire to resolve, compromise, and settle this adversary proceeding, without further litigation, subject to the Court's approval.

5. Now, therefore, it is stipulated and agreed, by and between the Plaintiff-Debtor and Dept. of Education as follows:

a. Plaintiff-Debtor's student loans, National Student Loan Database System (NSLDS) Loan Nos. 3 and 4, totaling $11,737.63 as of September 28, 2026, are dischargeable pursuant to 11 U.S.C. §§ 523(a)(8), 346(j) and §727. *See* attached Exh. "A."

b. Plaintiff-Debtor's student loans represented by NSLDS Nos. 5, 6, 7, 8, 9, 10 totaling $15,437.59 as of September 28, 2026, are **not** dischargeable under 11 U.S.C. §§ 523(a)(8). *See* attached Exh. "A."

c. This Stipulation for partial discharge does not include any loans not held by Education.

d. Upon entry of this Stipulation of Partial Discharge, and a finding by the Court that the debts at issue are dischargeable pursuant to 11 U.S.C. § 523(a)(8), Defendant will adjust Plaintiff-Debtor's loan accounts to reflect that the total indebtedness to Defendant for her undergraduate student loans, NSLDS Loan Nos. 3 and 4, is $0, and it shall permanently write-off the debt pursuant to this Stipulation of Partial Discharge. Plaintiff-Debtor will remain indebted to Dept. of Education regarding her NSLDS Loan Nos. 5, 6, 7, 8, 9, 10, which will not be subject to discharge under 11 U.S.C. § 523(a)(8).

e. In the event that this Stipulation of Partial Discharge is not adopted in full by the Court, the stipulations and agreements represented herein shall be vacated, set aside, and held for naught.

f. Upon entry of this Stipulation of Partial Discharge, Plaintiff-Debtor releases, remises, and forever discharges the United States of America, its agencies, agents, officers and employees, past and present, and Defendant, its agencies, agents, officers and

employees, past and present, from all claims or causes of action (including administrative claims) which Plaintiff-Debtor and her heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against the United States of America, its agencies, agents, officers and employees, past and present, and Defendant, its agencies, agents, officers and employees, past and present, in relation to a discharge of the debt, all except for obligations arising under this Stipulation of Partial Discharge.

g. Each party to the action will bear responsibility for its own costs and attorney's fees in this matter, and Plaintiff-Debtor waives any and all rights she may have to recover attorneys' fees and/or interest or costs under the Equal Access to Justice Act, the Bankruptcy Code, or any other legal or statutory predicate.

h. Upon entry of this Stipulation of Partial Discharge, to the extent necessary if not concluded by a Consent Judgement, Plaintiff-Debtor voluntarily dismisses, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Fed. R. Bankr. P. 7041, all claims against Defendant not subsumed within the relief granted by this Stipulation of Partial Discharge, with prejudice against refiling and without attorneys' fees, costs, or expenses to the Plaintiff-Debtor or Defendant.

Now, therefore, the Parties request that the Court enter a Consent Judgment, attached hereto as Exhibit "B," based on the uncontested facts and issues as represented in this stipulation.

Dated: October 20, 2026. Respectfully submitted,

NICOLE ANN BRIGGS, *PLAINTIFF*

*/s/Thomas C. Rollins, Jr.*
Thomas C. Rollins, Jr. (MSB No. 103469)
The Rollins Law Firm, PLLC
*trollins@therollinsfirm.com*

U.S. DEPT. OF EDUCATION, *DEFENDANT*

J.E. BAXTER KRUGER
*United States Attorney,*
*Southern District of Mississippi*

By: */s/ Gregg Mayer*
Gregg Mayer (MSBN 102232)
Assistant United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480 (Phone)
(601) 965-4032 (Fax)
*gregg.mayer@usdoj.gov*