**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: October 23, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**In re:**

| | |
|---|---|
| **NICOLE ANN BRIGGS** | **Case No.: 25-03231-JAW** |
| **Debtor.** | **Chapter: 7** |

| | |
|---|---|
| **NICOLE ANN BRIGGS** | **PLAINTIFF** |
| **v.** | **Adv. Proc. No.: 26-00003-JAW** |
| **U.S. DEPARTMENT OF EDUCATION,** | **DEFENDANT** |

## CONSENT JUDGMENT

Defendant United States of America, on behalf of the Department of Education, ("Defendant" or "Dept. of Education") and Plaintiff-Debtor Nicole Ann Briggs (collectively, "the Parties") stipulate as to dischargeability of a portion of Plaintiff's student loan debt:

1. On January 21, 2026, Plaintiff-Debtor commenced this adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) against the Dept. of Education by filing the Complaint seeking to discharge pursuant to 11 U.S.C. § 523(a)(8), Plaintiff- Debtor's educational loan debt.

2. As of September 28, 2026, Plaintiff-Debtor owed approximately $11,737.63 to Education, which represents the approximate sum of the balance of Plaintiff-Debtor's undergraduate student loans (National Student Loan Data System ("NSLDS") Loans 3 and 4).

3. The Parties agree that the Education-held student loans constitute student loans made to Plaintiff under a program funded in whole or in part by a federal government unit within the meaning of 11 U.S.C. § 523(a)(8).

4. Plaintiff-Debtor alleges that repayment of the Education-held student loans would cause an undue hardship.

5. Upon review of documents, information, and facts that Plaintiff-Debtor attested to, Dept. of Education determined that Plaintiff-Debtor satisfies the criteria for a **partial** discharge due to an "undue hardship" under 11 U.S.C. § 523(a). The Dept. of Education determined Plaintiff-Debtor is entitled to a discharge of the following NSLDS loans:

| **NSLDS Loan #** | **Loan Amount** | **Principal**<br><br>**(rounded to nearest dollar)** | **Interest** |
|---|---|---|---|
| 3 | $5,500 | $4,703.98 | $382.53 |

| | | | |
|---|---|---|---|
| 4 | $7,000 | $6,150.78 | $500.34 |

6. Based on Plaintiff-Debtor's current and future financial condition, if forced to repay the student loans represented by NSLDS Loans 3 and 4, Plaintiff-Debtor would have insufficient monthly income to make her payment as required, evidencing that Plaintiff-Debtor cannot maintain a minimal standard of living for herself and her dependents if forced to repay her Education- held student loans. Plaintiff-Debtor's current inability to pay the Education-held student loans will likely persist for a significant portion of the repayment period. Plaintiff-Debtor has made good faith efforts to repay her Education-held Student Loans.

7. In order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff-Debtor should be entitled to a partial discharge of her Education-held student loans pursuant to 11 U.S.C. § 523(a)(8) and, therefore, have agreed to enter into this Consent Judgment under the following terms:

a. Plaintiff-Debtor's student loans, National Student Loan Database System (NSLDS) Loan Nos. 3 and 4, totaling $11,737.63 as of September 28, 2026, are dischargeable pursuant to 11 U.S.C. §§ 523(a)(8), 346(j) and §727.

b. Plaintiff-Debtor's student loans represented by NSLDS Nos. 5, 6, 7, 8, 9, and 10 totaling $15,437.59 as of September 28, 2026, are **not** dischargeable under 11 U.S.C. §§ 523(a)(8).

c. Upon entry of this Stipulation of Partial Discharge, and a finding by the Court that the debts at issue are dischargeable pursuant to 11 U.S.C. § 523(a)(8), Defendant will adjust Plaintiff-Debtor's loan accounts to reflect that the total indebtedness to Defendant for her undergraduate student loans, NSLDS Loan Nos. 3 and 4, is $0, and it shall permanently write-off the debt pursuant to this Stipulation of Partial Discharge.

d. Plaintiff-Debtor will remain indebted to Dept. of Education regarding her NSLDS Loan Nos. 5 - 10, which will not be subject to discharge under 11 U.S.C. § 523(a)(8).

e. In the event that this Stipulation of Partial Discharge is not adopted in full by the Court, the stipulations and agreements represented herein shall be vacated, set aside, and held for naught.

f. Upon entry of this Stipulation of Partial Discharge, Plaintiff-Debtor releases, remises, and forever discharges the United States of America, its agencies, agents, officers and employees, past and present, and Defendant, its agencies, agents, officers and employees, past and present, from all claims or causes of action (including administrative claims) which Plaintiff-Debtor and her heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against the United States of America, its agencies, agents, officers and employees, past and present, and Defendant, its agencies, agents, officers and employees, past and present, in relation to a discharge of the debt, all except for obligations arising under this Stipulation of Partial Discharge.

g. Each party to the action will bear responsibility for its own costs and attorney's fees in this matter, and Plaintiff-Debtor waives any and all rights she may have to recover attorneys' fees and/or interest or costs under the Equal Access to Justice Act, the Bankruptcy Code, or any other legal or statutory predicate.

h. Upon entry of this Stipulation of Partial Discharge, Plaintiff-Debtor voluntarily dismisses, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Fed. R. Bankr. P. 7041, all claims against Defendant not subsumed within the relief granted by this Stipulation of Partial Discharge, with prejudice against refiling and without attorneys' fees, costs, or expenses to the Plaintiff-Debtor or Defendant.

Now, therefore, upon consideration of the Complaint, the Stipulation of Partial Discharge previously filed with the Court, and the consent of the Parties as evidenced by the endorsements below, it is hereby

**ORDERED**, **ADJUDGED, and DECREED,** that, pursuant to 11 U.S.C. § 523(a)(8), the portion of Plaintiff-Debtor's Education-held student loans notated as Loan Nos. Nos. 3 and 4 are hereby **DISCHARGED.**

**IT IS FURTHER ORDERED** that the portion of Plaintiff-Debtor's Education-held student loans notated as Loan Nos. 5, 6, 7, 8, 9 and 10 are **NON-DISCHARGEABLE.**

Submitted By:

**Nicole Ann Briggs,*PLAINTIFF***

*/s/Thomas C. Rollins, Jr.*
Thomas C. Rollins, Jr. (MSB No. 103469)
The Rollins Law Firm, PLLC
*trollins@therollinsfirm.com*

U.S. DEPT. OF EDUCATION, *DEFENDANT*

J.E. BAXTER KRUGER
*United States Attorney,*
*Southern District of Mississippi*

By: */s/ Gregg Mayer*
Gregg Mayer (MSBN 102232)
Assistant United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480 (Phone)
(601) 965-4032 (Fax)
Email: gregg.mayer@usdoj.gov